**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM ERNESTO LOPEZ,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 12-73348<br><br>Agency No. A072-115-381<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 12, 2015
San Francisco, California

Before: W. FLETCHER and CHRISTEN, Circuit Judges, and SILVER, Senior
District Judge.[**]

William Ernesto Lopez ("Lopez"), a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum and

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Roslyn O. Silver, Senior United States Judge for the
District of Arizona, sitting by designation.

withholding of removal. Jurisdiction is governed by 8 U.S.C. § 1252, and we review the agency's factual findings for substantial evidence. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). The due process claims are reviewed de novo. *Liu v. Holder*, 640 F.3d 918, 930 (9th Cir. 2011). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's determination that Lopez's experiences in El Salvador did not rise to the level of persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (unfulfilled threats did not rise to the level of persecution); *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) (asylum applicant did not establish past persecution even though he received threatening phone calls and letters for years and was followed by unidentified men). Because Lopez's experiences did not rise to the level of persecution, we need not consider whether Lopez was a member of a particular social group, and we decline Lopez's invitation to remand for application of *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013).

Substantial evidence also supports the BIA's decision that Lopez failed to demonstrate a well-founded fear of future persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution too speculative). We reject Lopez's due process claim that the BIA failed to consider the substance of his future-persecution claim because the BIA adequately considered Lopez's claim and

committed no error.  *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) ("To prevail on a due process challenge to deportation proceedings, [the petitioner] must show error and substantial prejudice.").

We lack jurisdiction to consider Lopez's claims regarding humanitarian asylum.  *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to consider issues that have not been administratively exhausted).  Thus, Lopez's asylum claim fails.

Because Lopez failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal.  *See Zehatye*, 453 F.3d at 1190.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

**MOTION FOR REFERRAL TO MEDIATION DENIED.**